**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANNMARIE J. WISHART,

                Plaintiff,

    v.                                  Case No. 16-11212
                                            HON. TERRENCE G. BERG

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS,

                Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 4)

This case represents Plaintiff Annmarie J. Wishart's third attempt to invalidate a foreclosure sale concerning the real property commonly known as 2241 Silver Maple Lane, Orion Township, Michigan 48359 (the "Property"). After timely removing Plaintiff's latest Complaint from Oakland County Circuit Court on April 4, 2016 (Dkt. 1), Defendants filed, in lieu of an answer, a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 11, 2016 (Dkt. 4).

Because Plaintiff did not timely respond to Defendants' motion, the Court issued an order on May 11, 2016 requiring her to explain why she had failed to do so or, in the alternative, to respond to the motion by May 20, 2016. (Dkt. 6.) On May 20, 2016, Plaintiff filed a short letter stating that she intends to proceed with her case and asserting that her case is "strong". (Dkt. 7.) Plaintiff does not, however, dispute any of Defendants' facts or arguments in the motion, or ask for an extension

of time to respond to the motion or to find an attorney. (*See* Dkt. 7.) Although the Court understands the difficulties pro se litigants face, the claims raised here by Plaintiff have already been ruled upon in favor of the Defendants in previous litigation. Moreover, the statute upon which Plaintiff relies in her Complaint is not applicable here. Consequently, for the reasons stated below, Defendants' Rule 12(b)(6) motion will be **GRANTED** and Plaintiff's Complaint will be **DISMISSED WITH PREJUDICE**.

## I.   FACTS AND PROCEDUAL BACKGROUND

Plaintiff has filed no response to Defendants' Motion to Dismiss. After being ordered to show cause, she filed a letter with the Court on May 20, 2016, but that letter does not dispute or even address Defendants' version of the facts. (*See id.*)

The Court will therefore recount the facts as provided by Defendants. On May 24, 2000, Plaintiff Annmarie J. Wishart purchased the property known as 2241 Silver Maple Lane, Lake Orion, Michigan 48359. (Dkt. 1-2, p. 3.) Plaintiff granted Paramount Bank, the Original Lender, a mortgage interest against the property, and the note and mortgage were later transferred to Fannie Mae. (Dkt. 4, p. 11.)

In 2008, Plaintiff defaulted on her payments. (Dkt. 4, p. 11.) Under the terms and conditions of the mortgage, Defendants could sell the property if Plaintiff failed to make her payments on the note. (Dkt. 1-4, ¶ 21.) Because Plaintiff did not make her payments, Defendants began foreclosure by advertising proceedings pursuant to the terms of the mortgage and Michigan law. (*See* Dkt. 4, p. 3, Dkt. 4-3, p. 4.) Fannie Mae purchased the property at a Sheriff's Sale on August 23, 2011 and

received a Sheriff's Deed for the property. (Dkt. 4, p. 12.) Since the Plaintiff did not redeem the property within the six-month statutory period of redemption as established by M.C.L. § 600.3240, Fannie Mae became vested with fee simple title to the property on February 23, 2012. (*Id.*)

Plaintiff remained on the property (*see* Dkt. 4-5, p. 4) and maintains that she was finally evicted on March 7, 2016 (Dkt. 7). Plaintiff alleges in her Complaint that she has made several attempts to obtain a loan modification over the years, which were either refused or ignored by Defendant Seterus. (Dkt. 1-2, p. 3.) Plaintiff also alleges that since 2010, Defendant Seterus has refused all her attempts to make payments on the note. (Dkt. 1-2, p. 3.) Moreover, Defendant Seterus has allegedly not communicated with Plaintiff since October 20, 2013. (*Id.*) According to Plaintiff, Defendants foreclosed on the property on March 31, 2015, but this foreclosure action is barred by the statute of limitations for breach of contract established in M.C.L. § 600.5807(8). (Dkt. 1-2, p. 3.)

Since the Sheriff's Sale in 2011, Plaintiff has filed three lawsuits, including this case, challenging the sale of the property.[1] The first, filed on January 4, 2012 in Oakland County Circuit Court against Defendant Federal National Mortgage Association, alleged that Defendants intentionally precluded Plaintiff "from entering into a Loan Modification or a negotiated settlement to keep possession of

---

[1] Although typically courts are limited to the pleadings when faced with a Rule 12(b)(6) motion, a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law Sch.,* 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)). Accordingly, this Court takes judicial notice of Plaintiff's previous two legal proceedings against Defendants and of the court documents from these proceedings attached to Defendants' motion to dismiss as Exhibits 1-5. (Dkts. 4-1 – 4-5.)

3

[her] home" and foreclosed "without allowing Plaintiff to Modify the Loan for the subject property." (Dkt. 4-2, ¶¶ 13, 18.) In doing so, Defendant Federal National breached an implied agreement to negotiate a settlement with Plaintiff. (*Id.* at ¶¶ 20-25.) Plaintiff's claims were dismissed on October 31, 2012 because the court found that Fannie Mae had validly foreclosed on its mortgage interest in the property and that Plaintiff was thus not entitled to an extension of the redemption period. (Dkt. 4-3, pp. 7-9.) Plaintiff appealed this decision to the Michigan Court of Appeals, which reaffirmed the dismissal on March 27, 2014. (*See* Dkt. 4-4.)

Plaintiff filed her second lawsuit on January 25, 2016 in the United States District Court for the Eastern District of Michigan. (Dkt. 4-5.) That case, no. 16-10235, was assigned to the Honorable Mark A. Goldsmith. (*See id.*) In this pro se complaint, Plaintiff alleged that Defendants repeatedly lied to her, that her "rights were violated by Seterus during Loan Modification" and "under The Fraud Enforcement and recovery", and that there were "Truth in lending violations" (*Id.* at 3.) Judge Goldsmith dismissed Plaintiff's complaint without prejudice the same day it was filed because "the complaint alleges no fact whatsoever" and therefore "fails to state a claim upon which relief can be granted." (Dkt. 4-6, p. 3.)

Plaintiff commenced the present action against Defendants in Oakland County Circuit Court on February 29, 2016. (Dkt. 1, p. 2.) Plaintiff's sole allegation is that the March 31, 2015 foreclosure is barred by the six-year statute of limitations for breach of contract established in M.C.L. § 600.5807(8). (Dkt. 1-2, p. 3.) On April 4, 2016, Defendants timely removed this case pursuant to 28 U.S.C. §§

4

1332, 1441(a) and 1446. (Dkt. 1, p. 1.) On April 11, 2016, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants moved for the dismissal with prejudice of Plaintiff's Complaint. (*See* Dkt. 4.)

Because Plaintiff failed to respond to the motion to dismiss, on May 11, 2016, the Plaintiff was ordered to show cause by May 20, 2016. (*See* Dkt. 6.) Plaintiff responded on May 20, 2016 with a letter explaining her current circumstances and her desire to proceed with the case, but failing to address the facts and argument in Defendant's motion, or to request additional time in which to respond. (*See* Dkt. 7.)

## II.    LEGAL STANDARD

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to the Plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the Plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). "[A] judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228–29 (6th Cir. 1997) (quoting *Columbia Nat'l Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

"However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Tatum*, 58 F.3d at 1109; *Tackett v. M & G*

*Polymers, USA, L.L.C.*, 561 F.3d 478, 488 (6th Cir. 2009). "To survive a motion to dismiss, [a Plaintiff] must plead enough factual matter that, when taken as true, state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). Plausibility requires showing more than the "sheer possibility of relief but less than a probab[le] entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss, the Court primarily considers the allegations in the complaint; although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed part of the pleadings).

Where "the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion

to dismiss simply by failing to attach a dispositive document." *Weiner*, 108 F.3d at 89. Accordingly, because Plaintiff's mortgage is central to her claim, the Court will consider the mortgage attached to the notice of removal as Exhibit C as part of the pleadings. (*See* Dkts. 1-2, 1-4.) The Court will also take judicial notice of Plaintiff's other court proceedings against these Defendants. *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

## III.   ANALYSIS

Defendants have moved to dismiss Plaintiff's Complaint. As a threshold matter, the Court notes that Plaintiff's Complaint consists almost entirely of legal conclusions. (Dkt. 1-2, p. 3.) In less than one page, Plaintiff asserts that she has tried in good faith to modify her loan and that she has not had any communication with Defendant Seretus for at least 18 months. (*Id.*) She then states that Defendants violated the six-year statute of limitations for breach of contract under M.C.L. § 600.5807(8) by foreclosing on her property in 2015, more than six years after the 2008 default date. (*Id.*) Accordingly, Plaintiff asks this Court to "dismiss the 03/31/2015 foreclosure". (*Id.*)

Plaintiff's claim is unenforceable as a matter of law and no factual development could possibly justify recovery. First, Plaintiff's rights in and title to the property were extinguished when the six-month redemption period expired on February 23, 2012. M.C.L. § 600.3236. Plaintiff was denied her request to extend the redemption period by the Oakland County Circuit Court because she "failed to

establish a clear showing of fraud or irregularity" in the foreclosure proceeding. (Dkt. 4-3, pp. 8-9.) The state court found that because Plaintiff no longer holds a legally-protected interest in the property, she did not suffer any "injury in fact". (*Id.* at 9.)

Second, as Defendants note in their motion, the statute upon which Plaintiff relies is inapplicable to these circumstances. This statute, M.C.L. § 600.5807(8), establishes a six-year statute of limitations for recovering damages for breach of contract, not to begin foreclosure proceedings. *See Watkins v. JP Morgan Chase U.S. Benefits Executive*, 570 F. App'x 458, 460 (6th Cir. 2014). The statute provides that the "period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract." M.C.L. § 600.5807(8). Plaintiff makes no claim in her complaint for monetary damages for a breach of contract – she is attempting to recover the property and asks that this Court stop or "dismiss" the March 31, 2015 foreclosure. (Dkt. 1-2, p. 3.)

The statute of limitations applicable to foreclosure by advertisement is established in M.C.L. § 600.5803. In that statute, a proceeding to foreclose on a mortgage must begin within "15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage." M.C.L. § 600.5803. Plaintiff asserts in her complaint that "Fannie Mae established 2008 as the default date" and that Defendants foreclosed on her residence on March 31, 2015, seven years later. (Dkt. 1-2, p. 3.) Accordingly, Defendants foreclosed on the property within the 15-year-period allowed by the applicable statute of limitations.

Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted. Having reached this conclusion, it is not necessary to consider Defendants' remaining arguments that Plaintiff's claims are barred by the doctrine of *res judicata* and that Plaintiff has failed to state a claim for fraud or irregularity.

## IV.    CONCLUSION

While the Court understands the difficulties pro se Plaintiffs face, those difficulties cannot transform meritless claims into valid ones. The facts here are that Plaintiff defaulted on her mortgage and then failed to redeem the property in question within the six-month redemption period established in M.C.L. § 600.3240. When Fannie Mae obtained fee simple title to the property on February 23, 2012, Plaintiff lost any legally-protected interest in it.

Plaintiff has not responded to Defendants' Motion to Dismiss in that her letter has not refuted any of Defendants' facts or arguments. Nevertheless, the Court examined Plaintiff's Complaint and construed Plaintiff's allegations in the light most favorable to her. Despite having done so, the Court finds that the Complaint fails to state a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 4) is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Plaintiff cannot file another lawsuit based on these same grounds.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  June 2, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 2, 2016, using the CM/ECF system and/or postal mail.

By: s/A. Chubb
Case Manager